Angie et al. v. United States Good morning, Your Honors. May it please the Court, Joseph DeRuzo, on behalf of the appellants, I'd like to reserve two minutes for rebuttal. You may, Mr. DeRuzo. Thank you, Your Honor. In this case, the District Court concluded that the Supreme Court's decision in Clark did not change the law in the circuit regarding IRS summons litigation. That purely legal conclusion was wrong, and this Court should vacate the decision below and remand the case to the District Court for the proper application of the correct legal standard. Now, I think it's easiest to understand this case by comparing and contrasting this Court's three-tiered or three-stage framework for IRS summons litigation, both before and after Clark. Step one, the IRS comes forward with a declaration or affidavit from the IRS employee who issued the summons. That declaration or affidavit would have to satisfy four Powell standards. Now, step one did not change as a result of the Clark decision. If the government clears the step one burden for Hurdle, then we proceed to step two. Now, in step two, the burden shifts to the taxpayer, and the taxpayer has to satisfy his evidentiary burden. Now, for step two, before Clark, the or make a showing of abusive process, such as bad faith or improper purpose. Now, this Court had described step two, or stage two, in Sugarloaf as a heavy burden, and the taxpayer must allege specific facts and evidence to support his allegations. And this Court in Gertner describes step two as requiring the taxpayer to shoulder a significant burden, and the taxpayer must articulate specific allegations of bad faith and, if necessary, produce reasonably particularized evidence in support of these allegations. But there's nothing in those statements that suggests that that burden can't be met by circumstantial evidence. Particularized evidence can be demonstrated through circumstantial evidence. It's an evidentiary standard. It doesn't change the standard that certain evidence is necessary. It's just a matter of how you prove it. It's direct and circumstantial ways to prove specific facts. Well, yes, there are. One can carry their evidentiary burden through direct evidence or circumstantial evidence without a doubt. And the quality of the evidence, be it circumstantial or direct, is the same. It has the same weight. Well, I believe that would be for the finder of fact to make that conclusion. Well, that's the instruction we give to the jury. Yes, it is. In a jury trial, correct. But the quantum of evidence before Clark required the taxpayer to, quote, create a substantial question in the Court's mind regarding the evidentiary burden when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Could I take you back to your premises? I understand your premise. Your premise is that the District Court erred by saying Clark didn't change anything based on prior law. Correct. Where did the Court say that? The Court actually said that at Joint Appendix 438 and again at Joint Appendix 440. Doesn't it just say there that Clark doesn't require that the Court changes its view of this case? That was not my take on it. But what specific language are you relying on? Because I'm looking at the Court's order right here. Page 438, quote, I guess that on this one I'm not so certain that Clark changes the landscape in any meaningful way, certainly not in a way that justifies the invocation of Rule 60, and I can deal with that relatively promptly. Right. So that is not saying that Clark didn't change any rule in the circuit. He's simply saying it didn't change it in a way that bears on the Court's consideration of 60B because it wasn't meaningful given the finding here. This is not the equivalent of saying that Clark changed nothing. Well, I disagree, Judge Gadd. I think that when you look at the language in Clark that the taxpayer need only make a showing of facts to give rise to a plausible inference of improper motive, and then at that point we proceed to Stage 3, and Stage 3 pursuant to Clark, the taxpayer is entitled to examine an IRS agent, and he has a right to conduct that examination. That language is that entitlement, that right at the Stage 3. But that's only meaningful if the judge was thinking that the reason you're not getting it is because there isn't a right. It seems to me here the Court is saying you just haven't shown what you need to show to trigger the right, and therefore whatever Clark says about what the right is isn't meaningful and doesn't bear certainly for Rule 60's heightened standards. Well, I would disagree, Judge Gadd. I point the Court to the District Court's opinion found at addendum on page 6 where he describes the taxpayer's burden as heavy and as requiring that he allege specific facts and evidence to support his allegations. I would submit that a heavy burden on the taxpayer at Stage 2 is not consistent with the Supreme Court's language in Clark that talks about plausible inferences. Well, why is that? I mean, if you could have a burden that you need to show something plausible, but if the thing you're trying to show is inherently unusual or not likely often to be the case, then the plausibility showing could be a heavy burden. I guess in certain circumstances a plausibility showing could be a heavy burden, but I wouldn't submit that a plausibility showing is always a heavy burden. I could say that a plausibility showing some circumstances isn't always heavy. It could be rather slight, and the District Court's decision in Microsoft or the Western District of Washington described that post-Clark, the taxpayer's burden as being slight, not heavy in any way. If you assume that the IRS would rarely have a bad faith reason for wanting to get a summons issued, then making a plausible showing that they do have a bad faith reason would as a practical matter be a difficult burden to carry. Well, perhaps in general, Your Honor, but I would submit that in this case given the declarations of the two attorneys that are in the record that I submitted to the District Court in support of the Rule 60 motion, that what we have here is the government attempting to pierce a common law privilege and a right, and that in this case that attempt to pierce the attorney-client privilege and the accountant privilege under Code Section 7525, that is, I would submit, circumstantial or not direct evidence of an improper purpose that was plausible, and that's the extent that the District Court concluded otherwise it erred. Well, the argument that it wasn't plausible, I suppose, is to begin with the claim that the inquiry was about tax years which for civil purposes are closed. It has nothing to do with the question whether the inquiry would be relevant for tax years with respect to which there had been fraud or with respect to which a claim fraudulent or otherwise of nonresidence were applicable. And so far as attorney-client privilege is concerned, that is generally understood to require a specific claim that a specific inquiry violates the privilege and cannot be claimed in a blanket way as your pleadings did. Now, whether you talk about the burden as being heavy or being plausible as being less than that, aren't there very good reasons, which I've perhaps improperly recited but roughly recited, aren't there good reasons to say that you haven't gone very far with your allegations to raise a plausible claim of improper purpose? Well, Your Honor, Justice Souter, I would submit that at the time I couldn't put in a declaration fully describing and laying out an objection or a claim of attorney-client privilege on a question-by-question basis because the questions hadn't been posed. Exactly. You were premature with that so that with respect to those claims, there was nothing at that point that could be litigated. And I would submit that that's not exactly the case because I believe this Court's decision in In Re Grand Jury's subpoena discusses the ability of a client to an attorney to automatically take a Perelman appeal based upon a grand jury subpoena, and for this purpose an IRS sum is compared similar to a grand jury subpoena, that the client gets to take a Perelman appeal challenging the purported or potential testimony of the attorney regarding the questions in the scope of the attorney-client privilege, which is why also the Ninth Circuit allows a Perelman appeal where the attorney no longer represents the client at the time that the grand jury subpoena is issued. So I would submit when you look at those cases and you look at how the IRS – But that has nothing – and the whole justification for Perelman appeal is that if the proceeding went forward, the client wouldn't be able to keep the attorney from spilling the beans. So therefore you have an appeal now. You'll have a proceeding here if the summons is enforced where if information is sought, the privilege could be asserted. Well, you're – In any event, you're not making a Perelman appeal. Well, that is true, but I believe analytically, you know, the two have comparisons. But I would submit that given the way that the IRS treats summons, and it was clear below, taxpayers' attorneys are not allowed to participate in the IRS interview of third parties, including their accountants and including their attorneys. And that is why in this case, you know, since I was – taxpayers aren't permitted – or taxpayers' current attorneys aren't permitted to be there, that puts you in an evidentiary box. I can't be there to lodge the objections, and if I lodge objections, I waive the objections, and then everything comes in, which is why I submit a Perelman appeal or a Perelman-type appeal is analytically appropriate at this stage. I see that I've run over my time. Thank you. Thank you. Good morning, and may it please the Court. My name is John Schuman with the U.S. Department of Justice, and I represent the United States in this appeal. Now, there are at least two reasons to reject this appeal. One is that the appellants are not entitled to an evidentiary hearing under Clark. And second, even if they were, relief is not available at this stage under Rule 60b-5. So in this case, it's important to note that this is not being appealed on the merits of the summons enforcement action. The taxpayers here started this proceeding with a petition to quash the summonses in district court, and that issue of whether the summonses should be enforced was decided adversely to the taxpayers and that the taxpayers failed to appeal that district court's final order on the merits. So the only order on appeal is the district court's denial of relief under Rule 60b-5, which is reviewed for abuse of discretion. The district court here committed no legal errors, so they know no review is not available. So on my first major point, there's no evidentiary hearing required here. Clark did not change the standard for requiring an evidentiary hearing in a summons case in this court. The Clark case was all about the Eleventh Circuit standard, which had an essentially automatic evidentiary hearing. All the taxpayer had to do was ask for it, in essence, because all the taxpayer had to do was to make an allegation of bad faith without any particularized allegations or particularly without any evidence of bad faith. The Supreme Court in Clark said that that was not the proper procedure, and the Supreme Court mentioned in a footnote that all the other circuits had a different rule, including this circuit as exemplified in the Sugarloaf case, which was specifically cited in a positive manner in a footnote in the Supreme Court's decision in Clark. In Clark, the Supreme Court said that there has to be more than a bare allegation of improper purpose. There must be credible evidence of bad faith. And the preexisting rule in this circuit, as expressed in Sugarloaf in previous cases, was that there's no evidentiary hearing unless there's specific facts and evidence. And it has to be – they must introduce evidence of improper purpose. The Sugarloaf case did not indicate you can't use circumstantial evidence. They just said evidence. And as was noted here, evidence can include direct evidence or circumstantial evidence. So that fits perfectly well with Clark. The Supreme Court did not have one word of criticism for this Court's decision in Sugarloaf, and Sugarloaf was not the reason that the Clark case came about. Now, the appellants here have failed to demonstrate they're entitled to any evidentiary hearing under Clark because they've never made any showing of credible evidence of bad faith. The declarations that they've submitted with their Rule 60b-5 motion are blanket assertions of privilege. They essentially suggest that any time a summons is sent to an attorney or, I guess, any other professional who has a privileged relationship with their client, that that would be evidence of bad faith. And, of course, it's not. That sort of assumption would essentially seal off a whole number of professions, including attorneys, from ever being summoned in a tax investigation or tax audit. A remand here to the district court would really be pointless because the district court has already considered Clark and found that there are no grounds for an evidentiary hearing here, that they simply didn't make the showing available that was necessary there. I did want to clarify one matter that was addressed by counsel here in the three-step process that Sugarloaf set out for considering a summons enforcement case. That's on the merits of the summons enforcement. That three-step process is separate from the standard for whether or not the district court holds an evidentiary hearing. What Sugarloaf said about that is that the taxpayer must make a sufficient threshold showing that there was an improper purpose behind an IRS summons. The taxpayer must do more than just allege the improper purpose. He must introduce evidence to support his allegations. So this just says that all the taxpayer has to do is introduce evidence to support the allegations. Now, in Clark, it said there has to be credible evidence and it has to create a plausible inference of bad faith. So you could argue that Clark is actually setting a higher threshold for taxpayers than the Sugarloaf case does, and so it would be even harder for them to get an evidentiary hearing. Now, we're not saying that. We think that Sugarloaf is quite consistent with Clark. But if there's any daylight between the two, I think it works against the taxpayers here. And then my second major point is that there's no relief available here under Rule 60b-5. As I noted, the taxpayers did not appeal the summons enforcement decision on the merits, and that 60b-5 only allows relief when a final judgment prospectively is no longer equitable. It's a standard that's used in certain classes of cases, such as institutional reform cases, the Rufo case that came to this court several times, where in that case jail conditions were litigated over a long period of time. There was a long-term injunctive order in place. But it's not available where a party simply wants to relitigate a settled issue, such as here, in an unappealed final judgment because they claim that the law has changed. If they were allowed to use 60b-5 here, that could open up the ability of litigants to challenge summonses that have been enforced long ago. And there's simply – it would essentially dilute the finality of judgments in summons cases in a way that's unsupported by any case law in this circuit or otherwise. Have you still not executed the summons? Your Honor, actually, I understand that there have been interviews that have taken place. The taxpayers sought to stay in district court and here, and they were denied in both instances, and so the IRS did go forward with some interviews. And so is there anything left to be litigated, or is this moved? Well, Your Honor, it's their appeal, and they have not sought to dismiss it. We would agree if they did seek to voluntarily dismiss it, but they've not done so. We've taken the position, and I believe the taxpayers have also, that the case is not moved under the Church of Scientology case because if the taxpayers were entitled to some relief, and they'd have to jump through a lot of hoops to get there, but if they were entitled to some relief, then the district court could still fashion some relief, even after the interviews have taken place. They could order the return of documents. They could order the destruction of materials that were produced or destruction of transcripts or whatever else might be appropriate in those circumstances. So in that sense, the case is not moved at this stage. But in any event, the appellants have failed to demonstrate any hardship resulting from a denial of relief here, and that's another requirement for relief under Rule 6db-5. So without any further questions, we're prepared to rest on the arguments made in our answering brief. Thank you. Thank you. Your Honors, I submit that when the Solicitor General's office took Clark up on appeal, they asked for the Supreme Court to take the Eleventh Circuit and reign it back in consistent with the other courts of appeal. And when the Supreme Court and Justice Sagan wrote that the standard is different from both the taxpayer in Clark and the government in Clark, the Supreme Court found a middle ground. And that middle ground between the Eleventh Circuit's then-standing decision in Clark and the other courts of appeal, where that middle ground may be, I would submit is for this Court's determination. But at a minimum, it's somewhere between the two. In other words, this Court's decision in Sugarloaf and Gertner has been abrogated, vitiated, called into question by the language, the clear language in the Supreme Court in Clark. Now as to 6db-5 relief, Your Honors, at the time the appeal was taken, at the time that the 6d motion was filed at the District Court, the summons had yet to have been executed. They had yet to go forward. And as counsel agrees, this case is not moved. I would submit that analytically the Court could perhaps hold some type of CASCAR hearing and prohibit the IRS from both direct use and perhaps derivative use. But the point being is that in this case, given the timing, the day that Clark came out, I let the District Court know of the Clark decision. And then the very next month, I moved relief under 6db. It was timely, and Rule 6, I believe, was appropriate. So I would submit that the Court remand the case back to the District Court to apply Clark in the first instance. And thank you very much for your time. Thank you.